■ BERNARD CONNOLLY, as Administrator of the Estate of KATHLEEN CONNOLLY, Deceased, Respondent, v. CITY OF NEW YORK et al., Appellants, et al., Defendant. JOHN REILLY, Respondent, v. CITY OF NEW YORK et al., Appellants.— Judgment unanimously modified, on the law, to the extent of dismissing the complaint of plaintiffs-respondents Connolly and Reilly as to the defendants-appellants City of New York and Surface Transit, Inc., with $50 costs and disbursements to said defendants-appellants, and further modified on the law, the facts and in the exercise of discretion, without costs and disbursements to the extent of setting aside the verdict in favor of plaintiff Connolly against defendant Lusk, and directing a new trial unless said plaintiff stipulates to accept the sum of $30,000 in lieu of the award by verdict

and the judgment as so modified, is otherwise affirmed, without any further costs or disbursements to any other parties in the action. To establish their case against the defendants, New York City and Surface Transit, Inc., the plaintiffs rely in the main upon the testimony of plaintiff Reilly and upon the photographs introduced into evidence. There is no question but that the car involved in the accident was traveling between 50 and 55 miles per hour. The testimony of Reilly was that while dozing off in the back seat, in which there were four passengers (Reilly sitting on the inside), and despite the fact that there were three passengers in the front seat, he saw the hole in the pavement, which he claims caused the car to lurch into the trolley tracks. Without considering the several different versions of Reilly's testimony given in the examination before trial, the first trial, and at this trial, his present testimony in the circumstances must be considered incredible as a matter of law. As such, it cannot be accepted and without such testimony there is nothing to show that the depression was the proximate cause of the accident. Moreover, there being no testimony offered by way of description we are left with only the photographs to determine whether the depression constituted a dangerous or defective condition. We conclude that the photographs offered do not support such a finding. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.